COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


TEREMUN ANTHONY SALMON
                                        OPINION BY
v.    Record No. 2912-98-4    JUDGE ROSEMARIE ANNUNZIATA
                                        JUNE 13, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Benjamin N. A. Kendrick, Judge

            Benjamin H. Woodbridge, Jr. (Brinton T.
            Warren, on briefs), for appellant.

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General;
            Kathleen B. Martin, Assistant Attorney
            General, on brief), for appellee.



       Teremun Anthony Salmon was convicted of petit larceny.

Salmon claims that the trial court erred by overruling his

pretrial motion objecting to the prospective jurors in his

venire on the ground that the Commonwealth had obtained

information derived from criminal background checks on each

potential juror.  We disagree, and affirm his conviction.

                          BACKGROUND

       Salmon was indicted for grand larceny on July 20, 1998.

Prior to trial, Salmon filed a written motion objecting to the

pool of prospective jurors because he learned that the

Commonwealth's Attorney was conducting criminal background

checks on those persons. The trial court granted a continuance, and Salmon filed a second written motion objecting to the jury pool. The Commonwealth responded with a motion to deny Salmon's motion, and a hearing was held on the motions on October 22, 1998. The court entered an order denying Salmon's motions, and the case proceeded to trial on November 18, 1998. Prior to voir dire, Salmon again raised his objection to the pool of jurors on the ground that the Commonwealth improperly conducted criminal background checks on the potential jurors. The court again overruled the motion, and the parties proceeded with voir dire. None of the questions asked of the potential jurors by either party concerned criminal background, and both parties used their peremptory strikes. The parties then presented evidence and argument.

The jury returned a verdict finding Salmon guilty of the lesser-included offense of petit larceny. Salmon moved to have the verdict set aside on the ground it was unsupported by the evidence, and, following a hearing on December 4, 1998, the court overruled the motion and entered an order on December 16, 1998. Salmon noted his appeal that same day. For the following reasons, we find that the Commonwealth is authorized by statute to obtain and review criminal background information on potential jurors, and we affirm Salmon's conviction.

PROCEDURAL ISSUES

Necessity for Transcript of the October 22, 1998 Hearing

The Commonwealth contends that Salmon failed to timely file a transcript of the motion hearing on October 22, 1998, and the record, therefore, is insufficient for this Court to decide the question presented. The transcript of the October 22, 1998 motion hearing is not indispensable to the adjudication of this appeal, however. We have stated previously that "[i]f the record on appeal is sufficient in the absence of [a] transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). Because the issue before us is purely a question of law, viz. whether the Commonwealth is authorized to review criminal background information on potential jurors, the hearing transcript is not indispensable to the resolution of the issue on appeal. Salmon's claim is, therefore, not barred by the lack of the hearing transcript.

Objection to the Seating of the Jury

The Commonwealth advances a second procedural argument, contending that Salmon's claim is procedurally barred because he failed to object to the seating of the jury and, thus, waived any previous objections he had made concerning the venire. The Commonwealth cites in support of this claim Spencer v.

- 3 -

Commonwealth, 238 Va. 295, 306-07, 284 S.E.2d 785, 793 (1989) (holding that party waives voir dire objection where he objects to rulings on prospective juror made during voir dire but fails to object to the seating of that juror), cert. denied, 493 U.S. 1093 (1990).

This contention is also without merit. Salmon objected to the prosecution's review of potential jurors' criminal background information in a written motion prior to trial. Code § 8.01-352[1] provides, inter alia, that prior to the swearing in of the jury a party may object to any "irregularity . . . in the . . . impaneling of jurors . . . ." "A jury is 'impaneled' . . . when it is ready to try the case." Bowen v. Commonwealth, 132 Va. 598, 604, 111 S.E. 131, 133 (1922). See Black's Law Dictionary 752 (6th ed. 1990) ("impanel" defined as "[a]ll the steps of ascertaining who shall be the proper jurors to sit in the trial of a particular case up to the final formation").

---

[1] The statute provides, in pertinent part:

> A.  Prior to the jury being sworn, the following objections may be made without leave of court:  (i) an objection specifically pointing out [an] irregularity . . . in the drawing, summoning, returning or impaneling of jurors . . . .  B.  Unless objection to such irregularity . . . is made . . . then such irregularity . . . shall not be cause for summoning a new panel . . . or for setting aside a verdict or granting a new trial.

Code § 8.01-352.

- 4 -

Salmon thus properly objected to the impaneling of the jury by his pretrial motion.  Having renewed his objection prior to voir dire, Salmon complied with the requirements of Code § 8.01-352 and with Rule 5A:18 of the Rules of the Supreme Court, which states that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless objection was stated together with the grounds therefor at the time of the ruling . . . ."  See Mu'Min v. Commonwealth, 239 Va. 433, 445 n.6, 389 S.E.2d 886, 894 n.6 (1990); Spencer, 238 Va. at 306-07, 284 S.E.2d at 793.  Salmon is, therefore, not barred by any failure to make timely objection to the panel.  We now turn to the merits of his appeal.

### AUTHORIZATION OF THE COMMONWEALTH'S ATTORNEY TO REVIEW CRIMINAL BACKGROUND INFORMATION OF POTENTIAL JURORS

The question presented is one of first impression in the Commonwealth.  Upon review, we find that the applicable statutes authorize the Commonwealth's Attorney's use of the background information in question and that this practice is not unfair to the defendant.

In most of our sister states in which the prosecution's review of potential jurors' criminal background information has been challenged, the practice has been upheld.  Challenges to the practice have been based on state statutes governing the dissemination of criminal record information, see Tagala v. State, 812 P.2d 604 (Alaska 1991) (Alaska statute restricting

usage of criminal background information held to authorize prosecutor's use of such information in reviewing potential jurors prior to <u>voir</u> <u>dire</u>); <u>cf.</u> <u>State v. Bessenecker</u>, 404 N.W.2d 134 (Iowa 1987) (statute governing dissemination of criminal background information held not to authorize prosecutor to review venire's criminal background information), on Sixth Amendment grounds, <u>see</u> <u>United States v. Falange</u>, 426 F.2d 930 (2d Cir. 1970) (prosecution's use of jurors' criminal background information in exercising challenges in <u>voir</u> <u>dire</u> did not require dismissal of jury where it did not appear that jury was prejudiced against defendants); <u>State v. Goodale</u>, 740 A.2d 1026 (N.H. 1999) (prosecution's use of jurors' criminal record information during jury selection did not violate Sixth Amendment right to impartial jury), and on due process grounds, <u>see</u> <u>Saylor v. State</u>, 686 N.E.2d 80 (Ind. 1997) (prosecution permitted to conduct criminal background checks on potential jurors, and trial court's willingness to entertain discovery request from defendant to obtain the information from prosecutor assured that defendant received due process of law); <u>cf.</u> <u>Goodale</u>, 740 A.2d 1026 (prosecution's use of jurors' criminal background information during jury selection violated due process clause, because defendant could not have obtained the information under state law, and the prosecution did not disclose to defendant discrepancies between the criminal records

and jurors' questionnaires unless juror was selected to panel).[2]

The challenge before us is based on the pertinent Virginia

statutes and on considerations of fundamental fairness.

The parties agree that Code § 19.2-389(A)(1) governs the

issue.  It states, in pertinent part:

> Criminal history record information shall be
> disseminated, whether directly or through an
> intermediary, only to:
>
> Authorized officers or employees of criminal
> justice agencies, as defined by § 9-169, for
> purposes of the administration of criminal
> justice and the screening of an employment
> application or review of employment by a
> criminal justice agency with respect to its
> own employees or applicants, and
> dissemination to the Virginia Parole Board
> . . . .

The statute refers specifically to the definitions provided in

Code § 9-169 of such key terms as "criminal justice agencies"

and "administration of criminal justice."  A "criminal justice

agency" is defined in the statute as any "governmental agency

. . . which as its principal function performs the

administration of criminal justice."  Code § 9-169.

"Administration of criminal justice" is defined, inter alia, as

the "performance of any activity directly involving the . . .

---

[2] A number of the jurisdictions that have upheld the
prosecution's review of potential jurors' criminal background
information have also held the defendant has a due process right
to review the information as well.  Because Salmon has not
asserted a right to review the disputed information, we do not
decide whether the defense was entitled to disclosure of the
information in this case.

prosecution . . . of accused persons or criminal offenders

. . . ."[3]  Id.  Because the administration of criminal justice,

by definition, includes "the prosecution . . . of accused

persons or criminal offenders," the Office of the Commonwealth's

Attorney constitutes a "criminal justice agency" within the

meaning of Code § 9-169.  This conclusion is supported by the

description of the Commonwealth's Attorney in Code

§ 15.2-1627(B) as "a part of the department of law enforcement

of the county or city in which he is elected or appointed . . .

[having] the duties and powers imposed upon him by general law,

including the duty of prosecuting all warrants, indictments or

informations charging a felony."  Thus, because the Office of

the Commonwealth's Attorney is a criminal justice agency within

the meaning of Code § 19.2-389(A)(1), the statute permits

dissemination of criminal history record information to

authorized officers or employees of that agency.

Salmon contends, however, that a prosecutor's review of

potential jurors' criminal background records is not an

---

[3] Code § 9-169 defines "administration of criminal justice"
as the

> performance of any activity directly
> involving the detection, apprehension,
> detention, pretrial release, post-trial
> release, prosecution, adjudication,
> correctional supervision, or rehabilitation
> of accused persons or criminal offenders or
> the collection, storage, and dissemination
> of criminal history record information.

- 8 -

"activity directly involving the . . . prosecution . . . of [an] accused person[ ]" and, therefore, does not constitute the "administration of justice." Code § 9-169 (emphasis added). His argument is without merit. "In a criminal case, a 'prosecution' is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction." Phillips v. Commonwealth, 257 Va. 548, 553, 514 S.E.2d 340, 343 (1999) (citing Sigmon v. Commonwealth, 200 Va. 258, 267, 105 S.E.2d 171, 178 (1958)). According to this definition, voir dire of potential jurors directly involves the prosecution of a criminal case, because it is part of "the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment . . . ." Id. The Commonwealth's Attorney's use of potential jurors' criminal background information, therefore, is directly related to the prosecution of criminal cases and is authorized by Code § 19.2-389(A)(1). Thus, because the Office of the Commonwealth's Attorney is a criminal justice agency, and because the "administration of justice" includes the prosecution of criminal cases, Code § 19.2-389(A)(1) authorizes the Commonwealth's Attorney to review the criminal background records of prospective jurors.

Salmon contends the Commonwealth's Attorney's review of potential jurors' criminal background information is fundamentally unfair to criminal defendants. Salmon argues that the Commonwealth's review of such information allows it to inquire into prospective jurors' backgrounds without incurring the possible hostility from the panel that questioning during voir dire might engender, thereby giving the prosecution an unfair advantage in the exercise of its peremptory challenges. Salmon argues that this purported advantage would lead to juries unfairly biased against the defendant, because the Commonwealth's access to the criminal record information in question would allow it to "screen out" potential jurors who had previously been arrested or indicted, but not convicted, and who might, therefore, be especially sympathetic to a defendant in Salmon's position. We find no merit in these arguments.

While "[i]t is always the duty of the trial court to secure a fair jury, and to avoid, if possible, any suspicion of unfairness," Core v. Core's Adm'rs, 139 Va. 1, 13, 124 S.E. 453, 456 (1924), it is well established in Virginia that "[t]he manner in which jury selection is conducted is within the discretion and control of the trial court, guided by statute and rule of court." Edlow v. Arnold, 243 Va. 345, 346, 415 S.E.2d 436, 437 (1992) (citations omitted). As noted, the trial court followed the mandate of Code § 19.2-389(A)(1) in overruling

Salmon's objection to the Commonwealth's review of potential jurors' criminal record information prior to <u>voir</u> <u>dire</u>. We have previously noted that where harm alleged by an appellant is "equivocal and speculative," we find no abuse of the trial court's discretion. <u>Haase v. Haase</u>, 20 Va. App. 671, 680, 460 S.E.2d 585, 589 (1995). Such is the case here. Salmon has shown no harm or prejudice that accrued to him as a result of the Commonwealth's access to the criminal background records of potential jurors, and we perceive none. Moreover, most of our sister states have held that the prosecution's review of potential jurors' criminal background records "does not result in juries biased against the defendant, but merely eliminates bias against the government." Wayne R. LaFave, et al., 5 <u>Criminal Procedure</u> § 22.3(b), at 302 (1999). We share this view. Thus, for the foregoing reasons, we affirm the conviction.

<u>Affirmed</u>.