COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


STEPHEN LOWELL HICKS, S/K/A
 STEVEN LOWELL HICKS
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2357-01-1          JUDGE WILLIAM H. HODGES
                                         OCTOBER 22, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Patricia L. West, Judge

          William F. Burnside for appellant.

          Margaret W. Reed, Assistant Attorney General
          (Jerry W. Kilgore, Attorney General, on brief),
          for appellee.


    A jury convicted Stephen Hicks (appellant) of forgery and

uttering.  In this appeal, appellant contends the trial court

erred in denying his Batson challenges to two jurors that the

Commonwealth peremptorily struck.  For the reasons that follow,

we affirm the trial court.

                         BACKGROUND

    During jury selection, appellant challenged the

Commonwealth's peremptory strikes of prospective jurors Charles

Myles and Dennis Luster, suggesting they were stricken because

they were African-American.  After appellant's motion, the trial

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

court asked the prosecutor if he had race-neutral reasons for the strikes.  The prosecutor advised that he struck juror Myles based upon Myles' "past history with the police."  Specifically he pointed to Myles' "previous DWI" and a "failure to appear" charge that was subsequently dismissed.  The Commonwealth contended that Myles' involvement with the police might affect his ability to give the Commonwealth a fair trial.

As to juror Luster, the Commonwealth's attorney said he was not "aware that Mr. Luster was black."  He added:

> He looks Caucasian to me; but, I mean, he is
> certainly fairly light skinned, Judge.  I
> just picked somebody, Judge.  I kind of
> picked it at random.

The trial court was also unsure of juror Luster's race, so appellant's attorney asked and the trial court agreed to have juror Luster return to the courtroom.  Juror Luster acknowledged he was African-American.  Finding that the Commonwealth's strike of juror Luster was race-neutral, the trial court denied appellant's Batson motion as to juror Luster.

## DISCUSSION

The Virginia Supreme Court has outlined the following procedure for determining whether a prosecutor exercised a peremptory strike to remove a prospective juror solely on account of the juror's race:

> A defendant must first establish a prima
> facie showing that the peremptory strike was

-

made on the basis of race.  At that point, the burden shifts to the prosecution to produce explanations for striking the juror which are race-neutral.  Even if race-neutral, the reasons may be challenged by the defendant as pretextual.  Finally, the trial court must decide whether the defendant has carried his burden of proving purposeful discrimination by the prosecutor in selecting the jury panel.  On appeal, the trial court's findings will be reversed only if they are clearly erroneous.

Buck v. Commonwealth, 247 Va. 449, 450-51, 443 S.E.2d 414, 415 (1994) (citations omitted).  See also Riley v. Commonwealth, 21 Va. App. 330, 333, 464 S.E.2d 508, 509 (1995).

### Juror Myles

Appellant argued it was unfair for the Commonwealth to have information about Myles' criminal record and not provide it to the trial court or share it with appellant.  He also felt it was improper for the Commonwealth to fail to question Myles about it during voir dire and to raise it for the first time only when asked by the trial court to provide a race-neutral reason.  In addition, appellant questioned the authenticity of the DUI conviction and asked that he be provided with a "certified copy" of the conviction.  The trial court found the reason race-neutral, refused to question Myles as to the accuracy of the information and denied the Batson motion regarding Myles.

The trial court found the Commonwealth's reason for its peremptory strike of juror Myles race-neutral.  The record

-

supports that determination.  See Spencer v. Commonwealth, 238 Va. 295, 310, 384 S.E.2d 785, 795 (1989) (upholding peremptory strike as race—neutral based on venireman having record of criminal activity).

That the Commonwealth's attorney had "information" indicating that Myles had a misdemeanor DUI conviction and a dismissed charge for failure to appear in Norfolk was not improper.  In Salmon v. Commonwealth, 32 Va. App. 586, 594, 529 S.E.2d 815, 819 (2000), we held that a prosecutor is authorized to obtain criminal history information on prospective jurors.

Appellant's attack on the validity of the records was not the proper way to challenge the Commonwealth's race-neutral reason as being pretextual because the prosecutor's reason need only be race-neutral, not accurate or correct.  The better method to demonstrate pretext would have been for appellant to request a copy of the criminal record check of the venire panel. See id. at 592 n.2, 529 S.E.2d at 818 n.2 (although Salmon failed to raise issue, noting in dicta that a number of jurisdictions approving prosecution review of potential jurors' criminal backgrounds have also held that defendant has a due process right to review the information as well). Alternatively, appellant failed to request that the panel be brought out so he could ask if any white jurors had similar

-

misdemeanor convictions or charges.[1]  Absent any indication that similarly situated white jurors had misdemeanor charges or convictions, appellant failed to meet his burden of showing that the prosecutor's explanation was pretextual.  Accordingly, the trial court did not err in denying the motion as to Myles.

<u>Juror Luster</u>

In his brief, appellant presented the following question regarding the peremptory strike of juror Luster:

> Does the Commonwealth's inadvertence in striking an African-American (Luster), who it claims it did not know was an African-American, prejudice Hicks when considered with the totality of the circumstances surrounding impaneling of the jury, and when the remedy to cure was inconsequential, i.e., the ready availability of another jury panel.

Despite the inclusion of the question, appellant did not provide any legal argument to support his assertion of trial error.[2]  Instead, he included in his brief an oblique reference to Luster in the following argument related to Myles:

> Hicks was denied the opportunity to obtain this information as to all jurors.

---

[1] Although appellant argues in his brief that he "was denied the opportunity to obtain this information as to all jurors," the record fails to show he ever requested such information.

[2] Appellant's failure to argue the strike of juror Luster precludes us from addressing the question.  See <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (statements unsupported by argument, authority, or citations to the record do not merit appellate consideration).

-

Without this inquiry, it is impossible to determine whether the proffered reason was race neutral.  <u>When this factor is accumulated with the Commonwealth's putative mistake in striking another African-American, then, the integrity of the process was challenged, the probability existed that due process was denied, and public confidence in the process jeopardized</u>.

(Emphasis added.)

Moreover, at oral argument, appellant's attorney represented that he was not contesting the strike of juror Luster.  Instead, he indicated he relied on Luster's strike as a "factor" for the Court to consider under the "totality of the circumstances" to attack the strike of Myles and to attack in general the "integrity of the [jury selection] process."[3]

For the reasons stated, we affirm the trial court.

<u>Affirmed.</u>

---

[3] To the extent that appellant relies on the strike of Luster to demonstrate a violation of <u>Batson</u> as to Myles, the record demonstrates that the trial court considered the peremptory strike of juror Luster, the Commonwealth's avowal that it was unaware he was African-American and the trial court's own observation that Luster did not appear to be African-American when it upheld the peremptory strike of juror Myles.  Therefore, the strike of juror Luster and the inadvertent failure to perceive his race did not make improper the otherwise proper peremptory strike of Myles, nor did it establish pretext on the part of the Commonwealth.