COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Ortiz and Causey

CHAVIS WILLIAMS, S/K/A
 CHAVIS R. WILLIAMS

                                                              MEMORANDUM OPINION[*]
v.        Record No. 0338-22-3                                      PER CURIAM
                                                              FEBRUARY 14, 2023
COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                               Thomas J. Wilson, IV, Judge

                   (Louis K. Nagy; Law Office of Louis K. Nagy, PLC, on brief), for
                   appellant.

                   (Jason S. Miyares, Attorney General; Leanna C. Minix, Assistant
                   Attorney General, on brief), for appellee.


        Chavis R. Williams appeals the trial court's order revoking his suspended sentence and

imposing three years and six months of incarceration. He argues that the trial court abused its

discretion by: (1) allowing the Commonwealth to present evidence at his revocation hearing that

he had contact with gang members while incarcerated following his arrest for violating

probation, (2) finding that he had violated a special condition prohibiting contact with gang

members, and (3) imposing a sentence exceeding fourteen days. We cannot reach his assignments

of error, however, because Williams failed to timely file a necessary transcript or statement of facts

in lieu of a transcript. *See* Rule 5A:8(a), (b)(4)(ii). Further, after examining the briefs and record

in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal

---

[*] Pursuant to Code § 17.1 413, this opinion is not designated for publication.

is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Therefore, we affirm the trial court's judgment. *See* Rule 5A:8(b)(4)(ii).

BACKGROUND[1]

In 2011, Williams pleaded guilty to malicious wounding by mob and using a firearm in the commission of a felony under an agreed disposition with the Commonwealth. The trial court sentenced him to twenty-three years of imprisonment with nineteen years and six months suspended, to be followed by four years of supervised probation. The trial court revoked Williams's suspended sentence, in part, in February 2015, December 2018, and January 2022. Williams now appeals his most recent revocation.

ANALYSIS

Williams failed to timely file the transcripts of the court proceedings that would allow us to resolve his assignments of error. Under Rule 5A:8(a), a transcript must be filed no later than "60 days after entry of the final judgment." This Court may extend the deadline "upon a written motion filed within 90 days after the entry of final judgment" provided the appellant shows "good cause to excuse the delay." Rule 5A:8(a).

The trial court entered a final revocation order on January 27, 2022. Williams was required to file the transcripts by March 28, 2022, but he did not file them until April 21, 2022. Williams did not move for an extension under Rule 5A:8(a), and the time to do so has now expired. "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

The failure to file a transcript is not necessarily fatal to the appeal. "[I]f the record on appeal is sufficient in the absence of [a] transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case." *Salmon v. Commonwealth*, 32 Va. App. 586, 590 (2000) (second alteration in original) (quoting *Turner*, 2 Va. App. at 99). Conversely, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). The decision to review a case on appeal without a relevant transcript is "the rare exception rather than the general rule." *Wolfe v. Commonwealth*, 6 Va. App. 640, 644 (1988). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay v. Commonwealth*, 60 Va. App. 520, 529 (2012).

Here, nine of the untimely filed transcripts concerned hearings setting the case for trial and then continuing it. Those transcripts are not needed in resolving the case. But the transcript of the revocation hearing on January 24, 2022, is necessary. Without that transcript, we do not know what evidence was presented or what arguments counsel made. Because the revocation hearing transcript is indispensable to resolving the issues appellant has raised and appellant failed to ensure that it was timely filed, we cannot consider the merits of his assignments of error. *See* Rule 5A:8(b)(4)(ii). Consequently, we affirm the trial court's judgment.

*Affirmed.*