COURT OF APPEALS OF VIRGINIA

Present:   Judges Athey, Chaney and Lorish

**UNPUBLISHED**

MARTIN EDENILSON FLORES

MEMORANDUM OPINION*
v.       Record No. 0370-22-2                    PER CURIAM
APRIL 25, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
Herbert M. Hewitt, Judge

(Brent A. Jackson; Brent A. Jackson & Associates, P.C., on brief),
for appellant.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant
Attorney General, on brief), for appellee.

The trial court convicted Martin Edenilson Flores of first-degree murder, use of a firearm

in the commission of a felony, and maliciously discharging a firearm in an occupied building and

sentenced him to incarceration for 73 years with 23 years suspended.  Flores contends on appeal

that the trial court "[e]rred in [f]inding that the Commonwealth provided sufficient evidence in

the form of premeditation and deliberation to support the indictment" for first-degree murder, in

violation of Code § 18.2-32.[1]  Because Flores failed to timely file the transcripts or statement of

facts in lieu of a transcript necessary to resolve the appeal, we cannot reach his assignment of error.

*See* Rule 5A:8(a) (requiring transcripts to be filed within 60 days of the trial court's final order).

After examining the briefs and record in this case, the panel unanimously holds that oral argument is

---

\* This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] Flores does not challenge on appeal his remaining convictions.

unnecessary because "the appeal is wholly without merit." Code § 17.1 403(ii)(a); Rule 5A:27(a). Accordingly, this Court affirms the trial court's judgment.

The trial court entered the final sentencing order on March 4, 2022. Under Rule 5A:8(a), a transcript must be filed no later than "60 days after entry of the final judgment." Therefore, Flores was required to file transcripts by Tuesday, May 3, 2022. But the trial transcript of July 30, 2021, was not filed until May 4, 2022. This Court may extend the deadline "upon a written motion filed within 90 days after the entry of final judgment" provided the appellant shows "good cause to excuse the delay." Rule 5A:8(a). But Flores did not move for such an extension, and the time to do so has now expired.

The failure to file a transcript is not fatal to an appeal "[i]f the record on appeal is sufficient in the absence of [a] transcript to determine the merits of the appellant's allegations . . . ." *Salmon v. Commonwealth*, 32 Va. App. 586, 590 (2000) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). However, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). *See also Smith v. Commonwealth*, 32 Va. App. 766, 771 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner*, 2 Va. App. at 99)). The decision to review a case on appeal without a relevant transcript is "the rare exception rather than the general rule." *Wolfe v. Commonwealth*, 6 Va. App. 640, 644 (1988).

This Court concludes that the untimely-filed trial transcript is indispensable to address Flores's challenge to the sufficiency of the evidence. Because Flores failed to ensure that the record contains a timely-filed transcript, or written statement of facts in lieu of a transcript,

necessary to permit us to review the merits of his assignment of error,[2] we affirm the trial court's judgment. *See* Rule 5A:8(b)(4)(ii); *see also Smith v. Commonwealth*, 281 Va. 464, 470 (2011) ("the failure to timely file the transcript . . . did not deprive the Court of Appeals of its active jurisdiction to proceed to judgment in the appeal . . . affirming [defendant's] convictions").

*Affirmed.*

---

[2] Code § 19.2-321.1 permits a motion for delayed appeal in some criminal cases, including where a "conviction has been affirmed for failure to file or timely file the indispensable transcript or written statement of facts as required by law or by the Rules of the Supreme Court."