COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Fulton, Friedman and Chaney


SAMANTHA DORTCH

MEMORANDUM OPINION*
v.      Record No. 1264-22-1                                     PER CURIAM
                                                               AUGUST 22, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ISLE OF WIGHT COUNTY
L. Wayne Farmer, Judge

(Rocco Columbus; Randall Page & Bruch, P.C., on brief), for
appellant.

(Jason S. Miyares, Attorney General; Lucille M. Wall, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the Circuit Court of Isle of Wight County convicted Samantha

Dortch[1] of petit larceny, in violation of Code § 18.2-96. She challenges on appeal the

sufficiency of the evidence supporting her conviction. We cannot reach her assignment of error,

however, because she failed to timely file a necessary transcript or statement of facts in lieu of a

transcript. *See* Rule 5A:8(a), (b)(4)(ii). Further, after examining the briefs and record in this

case, the panel unanimously holds that oral argument is unnecessary because "the appeal is

wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Therefore, we affirm the trial

court's judgment. *See* Rule 5A:8(b)(4)(ii).

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] At the time of the indictment, Dortch's name was Samantha Hoffman. She is
sometimes referred to by that name in the record.

BACKGROUND[2]

A grand jury indicted Dortch for grand larceny, alleging that she stole property belonging to her landlord, Lorraine Tsagronis. Following the Commonwealth's evidence, the trial court granted Dortch's motion to strike the evidence as to some but not all of the property alleged to have been stolen. The trial court ultimately convicted Dortch of petit larceny and sentenced her to 12 months in jail, all suspended. Dortch appeals.

ANALYSIS

On appeal, Dortch challenges the sufficiency of the evidence supporting her petit larceny conviction. Dortch failed to timely file a transcript of the trial that would allow us to resolve her assignment of error. Under Rule 5A:8(a), a transcript must be filed no later than "60 days after entry of the final judgment." This Court may extend the deadline "only upon a written motion filed within 90 days after the entry of final judgment" provided the appellant shows "good cause to excuse the delay." Rule 5A:8(a).

The trial court entered the final sentencing order on August 3, 2022. Dortch was therefore required to file a transcript or written statement of facts in lieu of a transcript with the trial court by Monday, October 3, 2022. She did not do so until January 5, 2023. On December 5 and 15, 2022, Dortch made a motion in this Court for an extension of time to file an opening brief, citing the lack of a transcript in the record. We granted that motion. Dortch's motion did not request, and our order did not grant, an extension of time to file a transcript or written statement of facts in lieu of a transcript. Nor could we have done so under the Rules, because Dortch filed her motion more than 90 days after the trial court entered the final order. "This

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

"[I]f the record on appeal is sufficient in the absence of [a] transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case." *Salmon v. Commonwealth*, 32 Va. App. 586, 590 (2000) (second alteration in original) (quoting *Turner*, 2 Va. App. at 99). Conversely, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). The decision to review a case on appeal without a relevant transcript is "the rare exception rather than the general rule." *Wolfe v. Commonwealth*, 6 Va. App. 640, 644 (1988). "Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay v. Commonwealth*, 60 Va. App. 520, 529 (2012).

The late trial transcript is indispensable to Dortch's appeal. Dortch challenges the sufficiency of the evidence supporting her conviction. Without a timely trial transcript or written statement of facts in lieu of a transcript, we are unable to review the supporting evidence. Because we cannot consider the merits of Dortch's assignment of error, we affirm the trial court's judgment. *See* Rule 5A:8(b)(4)(ii).

*Affirmed.*