COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Beales and Lorish

NIIADOTEY NEWBOLD

                                           MEMORANDUM OPINION*

v.      Record No. 1061-22-2                      PER CURIAM
                                                 NOVEMBER 8, 2023

MICHAEL TILLMAN, ET AL.

FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
Lon E. Farris, Judge Designate

(NiiAdotey Newbold, on brief), *pro se*.

(John P. O'Herron; Rachel W. Adams; *Thompson*McMullan, P.C.,
on brief), for appellees.

NiiAdotey Newbold, *pro se*, appeals from a judgment of the circuit court sustaining the demurrer of Michael Tillman, James Curtis, Alexandra Vakos, and George Mehaffey and dismissing Newbold's civil complaint with prejudice. On appeal, Newbold challenges the circuit court's determination that appellees were entitled to immunity and that Newbold failed to state a cause of action or plead supporting facts. That said, Newbold did not provide this Court with either a transcript of the hearing below or a statement of facts in lieu of a transcript. Thus, the record on appeal is insufficient for this Court to reach the issues Newbold raises, and we affirm the circuit court's judgment. After examining the briefs and record, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

*This opinion is not designated for publication. *See* Code § 17.1-413(A).

In May 2021, Newbold filed a complaint in the Circuit Court of Spotsylvania County against Deputies Tillman and Curtis of the Spotsylvania County Sheriff's Office and Mehaffey and Vakos of the Spotsylvania County Commonwealth's Attorney's Office, following a prosecution of Newbold in which the Commonwealth ultimately dismissed the charges. The complaint alleged that (1) Deputy Tillman made fraudulent statements in obtaining a warrant; (2) Deputies Tillman and Curtis withheld exculpatory evidence from Newbold in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) Deputies Tillman and Curtis fabricated evidence against Newbold; (4) Deputies Tillman and Curtis intentionally inflicted emotional distress upon Newbold; (5) all appellees engaged in a malicious prosecution of Newbold; (6) all appellees violated Newbold's due process rights; (7) all appellees failed to intervene to stop each other's unlawful conduct; and (8) Vakos, Deputy Tillman, and Deputy Curtis conspired to deprive Newbold of his constitutional rights.

The appellees collectively filed a demurrer asserting that Newbold's complaint should be dismissed because (1) it did not clearly inform the appellees of the nature of the claims against them; (2) it did not conform to Rule 1:4(j)'s brevity requirement; (3) Deputies Tillman and Curtis were entitled to good faith immunity; (4) Mehaffey and Vakos were entitled to absolute immunity for acts taken in their role as prosecutors; and (5) the complaint failed to identify a cause of action or plead supporting facts.

The circuit court held a hearing on June 28, 2022, after which it sustained the demurrer as to all appellees and dismissed all counts with prejudice. The circuit court did not provide a written explanation for its rulings. Newbold appeals, arguing that the circuit court erred in finding that (1) the appellees were entitled to immunity and (2) Newbold failed to identify a cause of action or plead facts in support of his claims.

The circuit court entered its final orders on June 28, 2022. A transcript must be filed no later than "60 days after entry of the final judgment." Rule 5A:8(a). On August 26, 2022, Newbold filed an opening brief in which he requested an extension of time to file the transcript. On December 7, 2022, Newbold filed in this Court "a formal request to have the transcripts . . . ordered [and] mailed to" this Court. The next day, we granted Newbold an extension of time to file transcripts until January 30, 2023. That date has now passed, and Newbold did not file a transcript or a written statement of facts in lieu of a transcript.

The appellees argue that a transcript is indispensable to this appeal, and we agree. "[I]f the record on appeal is sufficient in the absence of [a] transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case." *Salmon v. Commonwealth*, 32 Va. App. 586, 590 (2000) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). On the other hand, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii); *see also Smith v. Commonwealth*, 32 Va. App. 766, 771 (2000) ("[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner*, 2 Va. App. at 99)).

Here the appellees demurred on multiple grounds—procedural and substantive. Without a transcript of the June 28, 2022 hearing, the record does not contain the arguments Newbold presented to the circuit court, the basis on which the circuit court made its findings, or the reasons given by the circuit court for its rulings. The court's orders sustaining the demurrers are silent about which reasons the court found persuasive. Without knowing what the court considered, we cannot determine which of the appellees' various demurrer arguments the circuit court accepted in reaching its decision, and whether the court erred. Because Newbold failed to

ensure that the record contains the necessary transcript or written statement of facts in lieu of a transcript, we cannot reach his assignments of error. *See* Rule 5A:8(b)(4)(ii). Consequently, we affirm the circuit court's judgment.

*Affirmed*.