COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


MARIO REYNALDO SALVATIERRA
                                           OPINION BY
v.    Record No. 1233-00-4        JUDGE NELSON T. OVERTON
                                           MAY 15, 2001
CITY OF FALLS CHURCH


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      Joanne F. Alper, Judge

         Mark D. Seidelson for appellant.

         Ray B. Thorpe, Jr., City Attorney, for
         appellee.


     Appellant, a juvenile, was committed to the Department of

Juvenile Justice (DJJ) for his failure to complete a residential

treatment program.  Appellant has been released from DJJ and now

resides in foster care.  On appeal, appellant argues that (1) this

appeal is justiciable despite the fact that he was paroled from

the custody of DJJ, (2) Code § 16.1-278.8 bars the commitment of a

juvenile absent a finding of delinquency on either a felony or a

second Class 1 misdemeanor, (3) a juvenile probation violation

does not constitute a new Class 1 misdemeanor, (4) Code § 16.1-227

does not confer upon the juvenile and domestic relations district

(JDR) court sentencing powers greater than those expressly granted

by the statute, and (5) the commitment of a juvenile to DJJ for a

probation violation without a predicate delinquency finding on

either a felony or a second Class 1 misdemeanor exceeds the jurisdictional authority of the JDR court. We agree that the issue is justiciable and that a juvenile probation violation does not constitute a Class 1 misdemeanor; therefore, we reverse.

BACKGROUND

Appellant was a ward of the Fairfax County Department of Human Services and was found delinquent with respect to one misdemeanor assault and battery. Appellant ran away from a treatment facility and was committed to DJJ for this violation. Appellant remained in the custody of DJJ for ninety days and was released to Timber Ridge, a residential treatment facility. Appellant did not return to Timber Ridge from a furlough and, at a violation hearing, appellant admitted he violated the rules of the facility. At the violation hearing, appellant contended that the original commitment to DJJ and, therefore, the parole was void because the JDR court lacked jurisdiction to impose a commitment absent a finding of delinquency on either a felony or a second Class 1 misdemeanor. Because the JDR court sent appellant back to Timber Ridge, appellant did not appeal the question of whether the original commitment order was void. Approximately ten days later, appellant was discharged from Timber Ridge for a physical confrontation with a peer, which resulted in a new violation of his parole. The JDR court re-committed appellant to DJJ. Subsequently, appellant was paroled from DJJ and now resides in foster care.

-

MOOTNESS ISSUE

Appellee filed a motion to dismiss and argues that because appellant is no longer committed to DJJ, the issues on appeal are moot. Appellee further contends there is no reasonable expectation that appellant will be subjected to the same action because Code § 16.1-278.8(A)(14) was amended, effective July 1, 2000. The amended statute permits commitment to DJJ if a juvenile has previously been adjudicated delinquent on three occasions for offenses that would be a Class 1 misdemeanor if committed by an adult. The prior statute only required one prior Class 1 misdemeanor.

Appellant argues that the purpose of the appeal is not limited to his being released from DJJ, but is to further relieve him of his parole status. Appellant also argues that he could be re-committed to DJJ in the event of another violation of probation. Appellant further argues that the amendment to the statute does not affect his status as a parolee and does not relieve him of the burden of facing possible subsequent commitments for future violations of supervision.

"'The duty of this court . . . is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d

-

831, 832 (1944) (citation omitted). However, "jurisdiction is not necessarily defeated simply because the order attacked has expired, if the underlying dispute between the parties is one 'capable of repetition, yet evading review.'" Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 603 (1982) (citation omitted).

Appellee agrees that the duration of appellant's commitment to DJJ was too short to fully litigate the issues through an appeal. Because appellant is on parole from DJJ, he is subject to re-commitment based upon a new offense and the issues in his appeal are capable of repetition but evade review. We agree with appellant that the issues on appeal are justiciable.

THE DISPOSITION STATUTE AND A PROBATION VIOLATION

The circuit court judge found that appellant violated the terms of his parole when he did not complete the program at Timber Ridge and committed appellant to DJJ.

When appellant was committed to DJJ, Code § 16.1-278.8(A)(14) provided the following disposition for a juvenile found to be delinquent:

> Commit the juvenile to the Department of Juvenile Justice, but only if he is older than ten years of age and the current offense is (i) an offense which would be a felony if committed by an adult or, (ii) an offense which would be a Class 1 misdemeanor if committed by an adult and the juvenile has previously been found to be delinquent based on an offense which would be either a felony or Class 1 misdemeanor if committed by an adult.

-

Appellant contends he was never convicted of a felony or a second Class 1 misdemeanor and that the JDR court did not have the authority to commit him to DJJ. Appellant argues that a probation violation is not a primary offense, but a derivative offense, and is not, therefore, a Class 1 misdemeanor.

Appellee contends the issue is not whether a probation violation is a Class 1 misdemeanor, but whether the facts of the current offense would constitute a Class 1 misdemeanor. Appellee argues that appellant was discharged from Timber Ridge because he assaulted one of his peers, which would have been an assault and battery if committed by an adult.

"Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." Woolfolk v. Commonwealth, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994).

"When a juvenile is found to be delinquent, the juvenile court or the circuit court has several available options with regard to making 'orders of disposition for [the juvenile's] supervision, care and rehabilitation.'" Commonwealth v. Chatman, 260 Va. 562, 570, 538 S.E.2d 304, 308 (2000) (citation omitted). Code § 16.1-278.8(A)(14) permits a juvenile to be committed to DJJ for "an offense" which would be a felony or a Class 1 misdemeanor if committed by an adult and the juvenile has previously been found to be delinquent based on such offenses. In order to constitute a Class 1 misdemeanor, an

-

offense must be punishable, if committed by an adult, by up to twelve months in jail and a fine of not more than $2,500. Code § 18.2-11(a). The word "offense" is defined, "a violation of the law; a crime, often a minor one." Black's Law Dictionary 1108 7th ed. (1999). As used in Code § 16.1-278.8(A)(14)(ii), the requirement that the offense "be a Class 1 misdemeanor if committed by an adult" describes a type of offense that the juvenile must commit for purposes of distinguishing it from greater or lesser offenses. Because the plain language of Code § 16.1-278.8(A)(14) bars commitment of a juvenile absent a delinquency finding on either a felony or a second Class 1 misdemeanor, a probation violation was insufficient under these facts to commit appellant to DJJ. We, therefore, reverse the trial court and remand this case for further proceedings if the appellee be so advised.

Because we find that a probation violation was insufficient to commit appellant to DJJ pursuant to Code § 16.1-278.8(A)(14), we need not address appellant's arguments that Code § 16.1-227 does not confer sentencing powers greater than those expressly granted by the statute and that appellant's commitment to DJJ absent a predicate delinquency finding exceeds jurisdictional authority.

Reversed and remanded.

-