COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Frank
Argued at Richmond, Virginia


TREYON CHRIS WILLIAMS

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1880-04-2                        JUDGE ROBERT P. FRANK
                                                          OCTOBER 4, 2005
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                       Frederick G. Rockwell, III, Judge

          David G. Hubbard (WallacePledger, PLLC, on brief), for appellant.

          Steven A. Witmer, Assistant Attorney General (Judith Williams
          Jagdmann, Attorney General, on brief), for appellee.


        Treyon Chris Williams, appellant, a juvenile, appeals an order of the Circuit Court of

Chesterfield County finding him guilty of three counts of violating the terms of his probation and

committing him to the Department of Juvenile Justice.  On appeal, appellant contends that Code

§ 16.1-278.8 bars a commitment for a probation violation.  For the reasons stated, we affirm.

                                      BACKGROUND

        Our review of the record reveals the following procedural history.[1]  On February 9, 2004,

appellant was charged in the juvenile and domestic relations district court with two counts of

violating the terms of his probation, having been placed on probation on July 26, 2001.  These

violations were based on a 10-day school suspension and a positive urine test for marijuana.  A

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As a preliminary note, appellant failed to file a transcript or any statement of facts of the proceedings before the trial court as part of the record on appeal as required by Rule 5A:8.  The record contains only the orders from the juvenile and domestic relations district court and the circuit court.

third petition was filed on February 23, 2004, charging appellant with another probation

violation for a second school suspension. On March 16, 2004, the juvenile and domestic

relations district court convicted appellant of three counts of violating his probation and

committed him to the Department of Juvenile Justice (DJJ) for an indeterminate period.

Appellant appealed these convictions to the circuit court, where on May 20, 2004 he pled guilty

to all three probation violations. The trial court committed appellant to DJJ for an indefinite

period of time on each charge. Appellant timely noted this appeal.

ANALYSIS

Appellant contends that the trial court erred in committing him to DJJ, arguing that a

probation violation cannot serve as grounds for commitment. In support of his position,

appellant relies on this Court's decision in Salvatierra v. City of Falls Church, 35 Va. App. 453,

546 S.E.2d 214 (2001). Appellant contends that because his argument is based solely on

statutory interpretation, we can review the trial court's order to commit him to DJJ without a

transcript or statement of facts. We disagree.

Code § 16.1-278.8(A)(14) provides the following disposition for a juvenile found to be

delinquent:

> Commit the juvenile to the Department of Juvenile Justice, but
> only if he is older than ten years of age and the current offense is
> (i) an offense which would be a felony if committed by an adult or,
> (ii) an offense which would be a Class 1 misdemeanor if
> committed by an adult and the juvenile has previously been found
> to be delinquent based on an offense which would be either a
> felony or Class 1 misdemeanor if committed by an adult.

In Salvatierra, we held that a probation violation is not the "current offense" to which

Code § 16.1-278.8(A)(14) refers. Instead, for purposes of that statute "current offense" is the

offense underlying the order of probation. Salvatierra, 35 Va. App. at 458, 546 S.E.2d at 216.

Salvatierra holds that the underlying offense must satisfy the requirements of Code

§ 16.1-278.8(A)(14) in order for the trial court to commit a juvenile for a subsequent probation violation. Id. at 458, 546 S.E.2d at 216. In Salvatierra, the underlying or "current" offense, a Class 1 misdemeanor, was the first conviction for the juvenile and as such was insufficient under the statute to commit him to DJJ.[2] Id. at 457-58, 546 S.E.2d at 216.

Here, the record is devoid of any information regarding the prior delinquency findings against appellant. The final order shows that appellant violated the terms of his probation, but does not disclose the underlying offense.[3]

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b); see Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

Here, a transcript or a written statement of facts is indispensable to the determination of whether the trial court erred in committing appellant to DJJ for violating the terms of his probation. See Turner, 2 Va. App. at 99, 341 S.E.2d at 402. On the record before us, we cannot

---

[2] The juvenile in Salvatierra had been found delinquent with respect to misdemeanor assault and battery and placed on probation, the conditions of which he subsequently violated by absconding from a residential treatment facility. The juvenile had no prior findings of delinquency, and he was committed for violating the terms of his probation. See Salvatierra, 35 Va. App. at 455, 546 S.E.2d at 215.

[3] The final trial and sentencing order notes only that appellant was committed for three offenses, each described as "Violate Probation (M)."
   Two prior orders appear in the record, identical except for their dates and offense descriptions. The record does not reveal why there are three separate orders. The first order notes that appellant was committed for three offenses described as "Violate Probation (M)." The second order differs only in its description of the offenses as "Violate Probation/Assault & Battery (M)." The third and final order returns the offense description to that originally noted, "Violate Probation (M)."
   While the brief of the Commonwealth makes mention of a prior delinquency finding against appellant for forgery and uttering, an offense that would be a felony if committed by an adult, those facts are not contained in the record and are not properly before this Court.

determine whether appellant's underlying offense is either (i) an offense that would be a felony if committed by an adult or, (ii) an offense that would be a Class 1 misdemeanor if committed by an adult where appellant had a prior felony or Class 1 misdemeanor conviction. Accordingly, Rule 5A:8 bars our review of the trial court's decision "on the ground that the record on appeal is insufficient to fairly and accurately determine the issue[] presented." Turner, 2 Va. App. at 99, 341 S.E.2d at 402.

Further, as the Commonwealth correctly notes, in the absence of any transcript or statement of facts complying with Rule 5A:8, the record fails to establish that appellant presented the issues he raises on appeal to the trial court, as required by Rule 5A:18. See Parker v. Commonwealth, 42 Va. App. 358, 379, 592 S.E.2d 358, 369 (2004), aff'd, 269 Va. 174, 608 S.E.2d 925 (2005) (*per curiam*). The burden is on appellant to present a sufficient record from which the appellate court may determine that he preserved the claimed errors for appeal. See Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992); Lee v. Lee, 12 Va. App. 512, 516-17, 404 S.E.2d 736, 738-39 (1991) (*en banc*).

Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). We will not consider such an argument *sua sponte*. Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*). Appellant has failed to provide an adequate record on appeal that would allow us to consider his argument, or from which we can determine that he raised his argument to the trial court.[4]

---

[4] At oral argument before this Court, appellant contended that a trial court could only commit a juvenile to DJJ if the juvenile received a suspended commitment for the underlying offense. Again this issue is procedurally defaulted because the record does not disclose the underlying offense or the disposition of that offense. With no record, we also cannot determine if this issue was preserved. See Rule 5A:18.

"If an insufficient record is furnished, the judgment appealed from will be affirmed."

White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995).  As there are no facts before this

Court to allow it to consider whether the proper underlying offense was present to allow the trial

court to commit appellant to DJJ under Code § 16.1-278.8(A)(14), we affirm the decision of the

trial court.

Affirmed.

---

Appellant also failed to comply with Rule 5A:20(c), which requires "[a] statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was presented in the trial court."  While appellant's brief contains no such reference, and "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration," Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992), we do not reach this issue as we are affirming on other grounds.