## Richmond

SYLVESTER TURNER, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0020-85

Decided March 18, 1986

COUNSEL

Susan Ann Kessler, for appellant.

Lucy H. Allen, Assistant Attorney General (William G. Broaddus, Attorney General of Virginia, on brief), for appellee.

OPINION

COLE, J.—Appellant, Sylvester Turner, Jr., appeals his convictions for forging and uttering a check based upon his assertion that the photographic identification procedure used in this case was unduly suggestive. Our review of the record reveals that neither the notice of appeal nor the transcript was timely filed. For these reasons, the appeal is dismissed.

Appellant's conviction order was entered on December 5, 1984. His notice of appeal was filed in the clerk's office of the trial court on January 7, 1985. Rule 5A:6(a) provides:

No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree, counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel and the clerk of the Court of Appeals.

█ Rule 5A:3 states that the time prescribed for filing the notice of appeal is mandatory. Since the notice of appeal was not filed within 30 days, we must, therefore, dismiss this appeal for failure to comply with the rule. *Williams* v. *Director, Department of Corrections*, 1 Va. App. 206, 207, 336 S.E.2d 907, 908 (1985).

While the appellant's failure to file the notice of appeal within the time limits prescribed by Rules of Court is sufficient, standing alone, to require dismissal of his appeal, he also did not comply with the Rules relating to the filing of the transcript. Because compliance with the Rules of Court is essential to the prompt and fair administration of justice, we will address this issue under the circumstances presented in this appeal. The Rules relating to the filing of the transcript are quite simple and clear. "The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court within 60 days after entry of judgment. The judge of the trial court may extend this time for good cause shown." Rule 5A:8.

The last sentence of Rule 5A:8 is consistent with Rule 5A:3(b), which provides:

Except as provided in subsection (a) of this Rule, the times prescribed in these Rules for filing papers may be extended by a judge of the court in which the papers are to be filed on motion for good cause shown and to attain the ends of justice.

█ Thus, unless the appellant has received an extension of time from the circuit court judge upon a showing of good cause, the transcript must be filed within 60 days of the final order of judgment in the case. There is no provision anywhere in the rules which allows this Court to extend the time for filing the transcript. Unlike the Supreme Court Rule 5:5(a), however, Rule 5A:3(a) contains no language which makes the time for filing of

the transcript mandatory. Likewise, Rule 5A:7 does not require that the transcript be made a part of the record on appeal. The Rule states that the transcript will be included in the record on appeal if it is properly made a part of the record in accordance with the provisions of Rule 5A:8. We find nothing in the Rules which makes timely filing of the transcript mandatory; rather, the clear objective of these Rules is to ensure that an accurate record, complete to the degree necessary to adjudicate the appeal, is transmitted to this Court.

The importance of the record is obvious, for it is axiomatic that an appellate court's review of the case is limited to the record on appeal. The absence or late filing of the transcript, however, does nothing to diminish our jurisdiction. If the record on appeal is sufficient in the absence of the transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case. *See, e.g., Dominion Iron* v. *Vepco*, 215 Va. 658, 660, 212 S.E.2d 715, 718 (1975). For instance, if the trial court were to give to the jury a patently erroneous instruction regarding a defendant's burden of proof in a criminal case, or if a conviction order imposed a sentence in excess of the statutory limit for the crime charged, it would be unnecessary for us to examine the transcript of the proceedings to determine the outcome of the appeal. In such cases the record would be sufficient without the transcript, and the failure to file or late filing of the transcript would have no effect. If, however, the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules. *Barrett* v. *Barrett*, 1 Va. App. 378, 380, 339 S.E.2d 208, 209 (1985).

We must decide, therefore, whether the transcript is necessary to the resolution of the issue presented in this case. If the issue can be decided without the transcript, we may proceed to do so in its absence. If we determine that the transcript is indispensable and is not a part of the record before us for review, we must dismiss the appeal on the ground that the record on appeal is insufficient to fairly and accurately determine the issues presented.

In this case, appellant has alleged that the photographic spread used to identify him was unduly suggestive. It is not possible to determine the merits of his allegations without examining the tes-

timony of the various witnesses who used the photographs to identify him. Thus the transcript is indispensable. The transcript was not filed within 60 days after entry of the final order, nor was there an extension of time granted by the trial court for such filing. Therefore, a necessary component of the record on appeal is missing and the appeal must be dismissed.

The notice of appeal and the transcript in this case were both filed late; thus, the appeal was improvidently awarded. We have no alternative but to dismiss the case for failure to comply with mandatory rule provisions.

*Dismissed.*

Benton, J., and Duff, J., concurred.