COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bray and Fitzpatrick
Argued at Salem, Virginia


KENNETH E. PLOGGER

MEMORANDUM OPINION[*] BY
v.          Record No. 1032-96-3          JUDGE LARRY G. ELDER
APRIL 22, 1997
BETTY R. PLOGGER


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
George E. Honts, III, Judge


Philip H. Miller (Rhea & Miller, P.C., on
brief), for appellant.

No brief or argument for appellee.


Kenneth E. Plogger (husband) appeals an order of the trial
court specifically enforcing a separation agreement entered into
between himself and Betty R. Plogger (wife). He contends that
the trial court erred when it rejected his argument that the
separation agreement is unconscionable. For the reasons that
follow, we reverse.

Initially we consider wife's motion to dismiss husband's
appeal. Wife contends that husband's appeal should be dismissed
because he failed to file an appeal bond and because the record
does not contain either a transcript of the proceedings below or
a written statement of facts. We disagree.

Regarding the appeal bond, we grant husband's motion for

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

leave to pursue his appeal without surety because husband has filed an affidavit establishing his indigence. See Code § 8.01-676.1(K) (stating that "[n]o person who is an indigent shall be required to post security for an appeal bond").

We also conclude that husband failed to make part of the record either a transcript or a written statement of facts signed by the trial judge. However, even without the written statement of facts, the record on appeal, which includes the trial court's detailed opinion letter, is sufficient for us to consider husband's argument regarding the validity of the separation agreement. See Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986) (stating that "[i]f the record on appeal is sufficient in the absence of the transcript [or written statement of facts] to determine the merits of the appellant's allegations, we are free to proceed to hear the case").

The record on appeal establishes that the parties married in 1971, separated in mid-1994, and remain married. Wife does not work because of a disability and receives monthly government assistance of $354. In early August, 1994, husband and wife negotiated the terms of the separation agreement (agreement), which provided for the division of the parties' property and monthly support for wife. In 1995, husband fell behind on his monthly payments to wife.

On August 22, 1995, wife filed a bill of complaint seeking payment of husband's arrearage and specific performance of the

agreement's other terms. After a hearing, the trial court ordered husband to pay his support payments that were past due and to fulfill all of the terms of the agreement. The trial court rejected husband's argument that the agreement was unconscionable.

"[M]arital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain." Cooley v. Cooley, 220 Va. 749, 752, 263 S.E.2d 49, 52 (1980). The doctrine of unconscionability is concerned with "the intrinsic fairness of the terms of the agreement in relation to all attendant circumstances, including the relationship between the parties." Derby v. Derby, 8 Va. App. 19, 28, 378 S.E.2d 74, 78 (1989). "Behavior that might not constitute fraud or duress in an arm's-length context may suffice to invalidate a grossly inequitable agreement where the relationship is utilized to overreach or take advantage of a situation in order to achieve an oppressive result." Id. at 29, 378 S.E.2d at 79.

Determining whether a contract is invalid on the ground of unconscionability is a two-step process. First, a court considers whether there is a "gross disparity in value exchanged" under the contract. Drewry v. Drewry, 8 Va. App. 460, 473, 383 S.E.2d 12, 18 (1989) (stating that "[a]bsent evidence of 'gross disparity in value exchanged' there exists no basis to claim

unconscionability").  If the court finds a gross disparity in the value exchanged under the contract, it then considers the circumstances of the formation of the contract to determine whether "oppressive influences" affected the fairness of the negotiating process such that the terms of the resulting agreement were unconscionable.  See id.; Derby, 8 Va. App. at 29, 378 S.E.2d at 79.  "If inadequacy of price or inequality in value are the only indicia of unconscionability, the case must be extreme to justify equitable relief."  Derby, 8 Va. App. at 28, 378 S.E.2d at 79.  But, if the record indicates that oppressive influences affected the negotiation process, a court is more likely to grant relief on the ground of unconscionability.  Id.

When reviewing a trial court's decision regarding the validity of a separation agreement on appeal, we view the evidence in the light most favorable to the prevailing party below.  Pillow v. Pillow, 13 Va. App. 271, 273, 410 S.E.2d 407, 408 (1991) (citing Derby, 8 Va. App. at 26, 378 S.E.2d at 77).

We hold that the trial court erred when it concluded that the agreement was not unconscionable.  The agreement in this case imposes a shocking monthly support obligation upon husband that was not discussed by the parties during their brief negotiation and that wife knew was essentially impossible for him to perform.

The separation agreement provides for a gross disparity in value exchanged.  Under the agreement, husband relinquished his ownership rights to nearly all of the marital property, including

-4-

the marital home and furnishings and an automobile.  In addition, the agreement imposes upon husband the onerous burden of paying $1,200 of his $1,386 monthly income to wife for two years.  The agreement leaves husband with $2,232 a year on which to live while wife's income from the agreement and her government assistance is $1,554 per month.

The agreement was drafted by wife's attorney, and the trial court found that husband signed without reading the agreement.  The trial court found that wife chose the figure of $1,200 to pay off the parties' revolving credit account debt.  Husband's unrebutted testimony was that this figure was never discussed by the parties.  The fact that wife lived with husband prior to their separation and signed the parties' tax returns in 1993 and 1994 indicates that she was aware of husband's modest annual income.  Husband's support obligation "shocks the conscience" because it leaves him with just $186 to meet his monthly expenses.  In light of wife's knowledge of husband's finances, wife was overreaching when she sought without negotiation an amount of monthly support that would leave him virtually penniless.  See Williams v. Williams, 306 Md. 332, 341, 508 A.2d 985, 990 (1986) (holding that a separation agreement was unconscionable when it imposed upon husband a monthly support obligation that was impossible for him to perform and that was not negotiated by the parties).

For the foregoing reasons, the order of the trial court

enforcing the separation agreement is reversed.

                                                        <u>Reversed</u>.