COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


DANIELLE J. CUMMINS
                                    MEMORANDUM OPINION[*]
v.    Record No. 2736-98-2              PER CURIAM
                                        MAY 4, 1999
VALMAN D. CUMMINS


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                    Oliver A. Pollard, Jr., Judge

          (Danielle J. Cummins, pro se, on brief).

          No brief for appellee.


     Danielle J. Cummins (wife) appeals the decision of the

circuit court determining the amount of child support arrearage

owed to her by Valman D. Cummins (husband).  On appeal, wife

contends that the trial erred by (1) reducing husband's child

support arrearage by amounts received by wife as rental income;

(2) holding wife solely accountable for debts incurred during the

marriage; (3) crediting as child support amounts taxed as income

to wife; and (4) not finding husband liable for 54% of the cost of

day care.  Upon reviewing the record and opening brief, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

The record on appeal does not contain a hearing transcript or timely filed written statement of facts. See Rule 5A:8. However, "[i]f the record on appeal is sufficient in the absence of the transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case." Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986). The order of the trial judge contains sufficient detail concerning the evidence produced at the March 11, 1998 hearing for this Court to proceed to the merits of this appeal.

The sole issue husband appealed from the juvenile and domestic relations district court was the amount of his outstanding child support arrearage. Wife contends that the trial court improperly reduced the amount of the child support arrearage by crediting husband with amounts she received as rent from property in North Carolina. According to the trial court's order, during the period of October 1992 through January 1995, wife collected $375 in monthly rent on this property, while husband paid the mortgage. Husband's monthly child support payment during this time was $400. The trial court found that the parties agreed that husband would receive credit against the child support arrearage in the amount of the rentals collected by wife on the home in North Carolina or that husband acquiesced to this arrangement as a means to pay his court-ordered support. Because the record indicates that the parties agreed to this crediting, we find no error in the decision of the trial court to reduce the

amount of husband's arrearage by the amount of rental income received by wife during the period from October 1992 through January 1995.

Wife listed three additional questions for which she failed to provide any argument. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Therefore, we do not address these issues.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.