COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


FINES L. DISHMAN, II
                                        MEMORANDUM OPINION[*]
v.   Record No. 1965-99-3                   PER CURIAM
                                           MAY 16, 2000
CHRISTINA DISHMAN


               FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                       Charles B. Flannagan, II, Judge

              (Fines L. Dishman, II, pro se, on brief).

              (David L. Scyphers; Scyphers & Austin, P.C.,
              on brief), for appellee.


     Fines L. Dishman, II, (husband) appeals the decision of the

circuit court granting Christina Dishman (wife) a divorce on the

grounds that the parties lived separate and apart for a period

exceeding one year.  Husband contends that the trial court erred

by (1) appointing a committee who failed to fulfill his

obligations under Code § 53.1-222; (2) entering the decree

although appellant was unable to appear to defend his case; and

(3) failing to afford him, as a person under legal disability, the

right to waive the appointed committee.  Upon reviewing the record

and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The record on appeal contains neither a transcript nor a properly filed written statement of facts.  See Rule 5A:8.

> The importance of the record is obvious, for it is axiomatic that an appellate court's review of the case is limited to the record on appeal.  The absence or late filing of the transcript, however, does nothing to diminish our jurisdiction.  If the record on appeal is sufficient in the absence of the transcript to determine the merits of the appellant's allegations, we are free to proceed to hear the case.

Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).  The record, including the final decree of divorce, contains the trial court's factual findings, including specific findings concerning husband's legal disability due to his incarceration and his representation by a committee.  See Code § 8.01-2(6)(a).  The record therefore is sufficient for this Court to address the merits of husband's appeal.

On appeal,

> [u]nder familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . .  "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled."  We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

-

The record demonstrates that husband was incarcerated on two felony charges after the final date of separation.  The trial court appointed an attorney to serve as guardian ad litem.  The guardian ad litem filed an answer to wife's bill of complaint.  Subsequently, the guardian ad litem filed a motion to withdraw after husband expressed displeasure with his services.  The trial court appointed a new attorney to serve as husband's committee, pursuant to Code § 53.1-222.  The committee filed an answer, attended the depositions, and endorsed the final decree.

## I.

The record does not support husband's contention that the committee failed to fulfill his obligations pursuant to Code § 53.1-222.  The committee appeared at the depositions and cross-examined the deponents, filed pleadings, and endorsed the decree.  Husband concedes in his opening brief that he does not contest the underlying grounds on which the divorce was entered. Therefore, nothing in the record supports husband's allegation that the committee failed to perform his duties.

## II.

Similarly, there is no merit to husband's contention that the trial court erred in entering the decree without his endorsement.  His committee endorsed the decree on his behalf.

-

Finally, we find no error in the trial court's failure to allow husband to waive his committee and seek a second guardian ad litem. Code § 8.01-9(A) grants the trial court discretionary authority to remove a guardian ad litem and appoint another "[w]henever the court is of the opinion that the interest of the defendant so requires." In this case, issues of custody and support were decided in a decree entered by the juvenile and domestic relations district court in November 1997, prior to the time of husband's incarceration. The trial court's decree found that the parties had no real estate, that they divided their personal property by agreement, and that they each agreed to be responsible for their own debt. The trial court's findings are supported by evidence in the record. While husband's handwritten letter to the trial court alleged fault on the part of wife, he presented no evidence and conceded on appeal the adequacy of the evidence supporting the grounds of divorce. We find no error or abuse of discretion in the trial court's failure to remove the committee and appoint a new guardian ad litem.

Accordingly, the decision of the circuit court is summarily affirmed.

                                                    Affirmed.

-