COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Clements
Argued at Richmond, Virginia


LESLIE PARKER CARWILE

MEMORANDUM OPINION* BY
v.    Record No. 3107-01-2          JUDGE RUDOLPH BUMGARDNER, III
                                         JULY 30, 2002
SANDRA M. CARWILE


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

Patrick R. Bynum, Jr., for appellant.

Carol Dois Woodward for appellee.

Leslie Parker Carwile and Sandra M. Carwile were divorced

by decree dated June 25, 2001.  The husband contends the trial

court erred in calculating spousal support and in classifying

the marital residence and a mutual fund.  Because the record is

not sufficient to determine the issues raised, we dismiss.

The evidence consisted of depositions and testimony heard

ore tenus on May 7, 2001.  At that hearing, all issues were

considered.  Witnesses, who had earlier given evidence by

deposition, testified further and the husband's father, for whom

no deposition appears in the record, also testified.  In its

letter opinion, the trial court refers to the evidence presented

May 7, 2001, and the opinion clearly relies on it in making its

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

factual findings on each of the issues raised by the husband in this appeal.

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court.  We may act only upon facts contained in the record."  Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (citation omitted).  "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of."  Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).

"The burden is upon the appellant to provide us with a record which substantiates the claim of error.  In the absence thereof, we will not consider the point."  Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).  Because the trial court's decision rested on evidence presented at the ore tenus hearing, a transcript is "indispensable to the determination of the case."  Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 402 (1986).  Accordingly, we dismiss this appeal.

Dismissed.

-