COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, AtLee and Raphael

EUPHRATES EARL BEAN

v.     Record No. 0307-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
DECEMBER 13, 2022

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

(Kristin Paulding; 7 Cities Law, on brief), for appellant.  Appellant
submitting on brief.

(Jason S. Miyares, Attorney General; Matthew J. Beyrau, Assistant
Attorney General, on brief), for appellee.


Following a bench trial, the City of Norfolk Circuit Court convicted Euphrates Earl Bean of

two counts of aggravated malicious wounding, in violation of Code § 18.2-51.2, and two counts of

use of a firearm in the commission of felony, in violation of Code § 18.2-53.1.  Bean asserts on

appeal that the evidence was insufficient to support the convictions.  After examining the briefs and

record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).  Bean failed to timely

file a transcript, or statement of facts in lieu of a transcript, necessary to the appeal pursuant to

Rule 5A:8.  As a result, we cannot reach his assignments of error and affirm his convictions.

BACKGROUND

Following an altercation that occurred in the city of Norfolk on August 29, 2019, Norfolk

Police Detective T. Ostulano obtained criminal warrants charging Bean with two counts of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

malicious wounding and two counts of use of a firearm in the commission of a felony.

Ostulano's accompanying criminal complaint asserted:

> On 08/29/19 at 2101 hours, the Norfolk Police Department, along with Norfolk Fire & Rescue, responded to the 2900 block of Pershing Avenue for a shooting in progress. Upon arrival, emergency personnel located Euphrates Bean, Jedidiah Patterson, and Brian Thigpen suffering from gunshot wounds. Three separate medic units transported all the gunshot victims to Sentara Norfolk General Hospital. Witnesses stated that Euphrates Bean came out of 3240 Lyons Ave. Apt B to confront the victims for being too loud. He began taking pictures of the license plate of a car belonging to one of the victims. A verbal altercation ensued between them and the argument escalated when Bean pulled out a hand gun and began shooting at the victims. Bean shot himself in the leg in the process. Victims were not armed at the time of the incident.

Thereafter, a Norfolk grand jury issued indictments for each offense.[1]

Following a bench trial, the circuit court convicted Bean of two counts of aggravated malicious wounding and two counts of use of a firearm in the commission of a felony. By final order dated December 9, 2021, the circuit court sentenced Bean to 48 years in prison, with 30 years suspended. Bean's attorney filed a notice of appeal on December 20, 2021. The notice of appeal indicated that Bean would pursue his appeal *pro se* and stated that Bean had not yet ordered the transcript from the court reporter who reported the case. On March 10, 2022, the Norfolk Circuit Court transmitted the record to this Court. The trial and sentencing transcripts were not included in that transmission.

ANALYSIS

On appeal, Bean asserts that the circuit court erred in finding the evidence sufficient to prove he committed aggravated malicious wounding because the Commonwealth's evidence

---

[1] The Commonwealth added indictments for aggravated malicious wounding, and later the circuit court granted a motion for *nolle prosequi* and dismissed the indictments for malicious wounding.

failed to show that he acted with the requisite malice. He also asserts that the evidence failed to support the convictions for the firearm offenses because he did not commit the underlying felonies. We do not reach the merits of Bean's contentions, however, because he failed to file a transcript, or written statements of facts in lieu of a transcript, necessary for our review.

"The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). Indeed, if "the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99).

Bean filed the transcripts in the circuit court on April 4, 2022, more than 60 days after entry of the final judgment on December 9, 2021. Notably, Bean did not file a motion for extension of time in which to file the transcripts. *See* Rule 5A:8(a). Thus, the transcripts were neither timely filed in the circuit court, nor included in the record. Because Bean challenges the sufficiency of the evidence supporting his convictions, a transcript of the proceedings is required for our evaluation of that evidence. Without a transcript or written statement of facts, we are unable to address Bean's contentions. Therefore, we conclude that timely-filed transcripts, or a written statement of facts in lieu of a transcript, are indispensable to a determination of the

assignments of error presented in Bean's appeal. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner*, 2 Va. App. at 99-100.

Because Bean failed to ensure that the record contained a timely-filed transcript, or written statement of facts in lieu of a transcript, we are unable to resolve the assignments of error. Rule 5A:8(b)(4)(ii). Consequently, we affirm the convictions.

CONCLUSION

For the foregoing reason, the circuit court's judgment is affirmed.

*Affirmed.*