COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Fulton and White

BRANDON MICHAEL EXPECTACION

MEMORANDUM OPINION*

v.     Record No. 0617-22-1

PER CURIAM
JANUARY 24, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
W. Revell Lewis, III, Judge

(Charles E. Haden, on brief), for appellant.

(Jason S. Miyares, Attorney General; Maureen E. Mshar, Assistant
Attorney General, on brief), for appellee.

After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). Brandon Michael Expectacion failed to timely file the transcripts or statement of

facts in lieu of a transcript necessary to the appeal pursuant to Rule 5A:8. As a result, we cannot

reach his assignment of error. Consequently, we affirm the conviction.

The trial court convicted Expectacion of burglary and possession of cocaine.[1]

Expectacion contends that the trial court erred when it denied his motion to strike the burglary

charge. He argues that the Commonwealth failed to prove he entered the home with the intent to

commit a felony or a larceny therein. Instead, he asserts that the record illustrated that he entered

the home because he was seeking help as he had been attacked and was in fear of his life.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Expectacion was also charged with petit larceny, but the trial court struck that charge. Expectacion pleaded guilty to possession of cocaine, and it is not subject to this appeal.

UNPUBLISHED

Because he lacked the requisite intent to commit burglary, he contends, the trial court erred when it failed to strike the burglary charge.

The record on appeal does not contain timely-filed transcripts. The trial court convicted Expectacion and sentenced him by final order entered on March 23, 2022. Under Rule 5A:8(a), a transcript must be filed no later than "60 days after entry of the final judgment," which was May 23, 2022.[2] Expectacion filed the transcripts with the circuit court on June 23, 2022. The same day he also filed a motion in this Court for an extension of time to file a transcript. On June 28, 2022, this Court denied his motion because he did not file his written motion "within 90 days after entry of the final judgment." Rule 5A:8(a).

After reviewing the record, and Expectacion's amended opening brief, we conclude that timely-filed transcripts, or a written statement of facts in lieu of a transcript, are indispensable to a determination of whether the trial court erred by denying his motion to strike the burglary charge. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). Expectacion failed to ensure that the record contains a timely-filed transcript, or written statement of facts in lieu of a transcript, necessary to permit us to resolve the assignments of error. Rule 5A:8(b)(4)(ii). Therefore, we cannot address the merits of his assignment of error. *Id.* Consequently, we affirm the conviction.

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[2] If the last day for performing an act during the course of a judicial proceeding falls on a Saturday, Sunday, legal holiday, or any day or part of a day on which the clerk's office is closed as authorized by an act of the General Assembly, the act may be performed on the next day that is not a Saturday, Sunday, legal holiday, or day or part of a day on which the clerk's office is closed as authorized by an act of the General Assembly. *See* Code § 1-210(B). Sixty days from the final order was Sunday, May 22, 2022.