COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Athey

DAVID E. SANJINES SUAREZ,
  KAREN F. MONTANO DE SANJINES AND
  GRACIE G. WICHTENDAHL SUAREZ

MEMORANDUM OPINION[*]
PER CURIAM
MAY 9, 2023

v.      Record No. 1551-22-4

RYAN M. DONAIS

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Petula C. Metzler, Judge

(Minji Kim; Prosper Law PLLC, on brief), for appellants David E.
Sanjines Suarez and Karen F. Montano De Sanjines.

No brief for appellee.

David E. Sanjines Suarez and Karen F. Montano De Sanjines (collectively "the

grandparents") appeal an order entered by the Prince William County Circuit Court on June 3,

2022, dismissing their "Emergency Third Party Child Custody Petition." The grandparents argue

that the circuit court erred by "dismissing Appellants' emergency custody petition for lack of

subject matter jurisdiction" and assert that the dismissal violated their due process rights. They

contend that the circuit court erroneously granted the father's amended motion to dismiss

because the motion was "untimely" and relied on a flawed interpretation of Code §§ 16.1-241

and 16.1-244. The grandparents further contend that the circuit court erred in dismissing

mother's motion to appoint a guardian ad litem for the child and awarding attorney fees to father.

Finally, the grandparents argue that the circuit court violated the minor child's due process rights

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

when it dismissed their custody petition.  However, the record on appeal is insufficient for this

Court to reach the issues the grandparents raise.  *See* Rule 5A:8.  Therefore, we must affirm the

circuit court's judgment.  After examining the opening brief and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit."

Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[1]

Gracie G. Wichtendahl Suarez ("mother") and Ryan M. Donais ("father") are the

biological parents to the seven-year-old child who is the subject of this appeal.[2]  The child

suffered a brain injury at birth and has been diagnosed with numerous physical and

developmental conditions, including cerebral palsy, hypoxic ischemic encephalopathy,

dysphagia, cortical visual impairment, severe hearing loss, and severe developmental and

cognitive delays.  In 2017, when the parents divorced, the circuit court determined custody and

visitation and subsequently modified the custody and visitation arrangements.

On December 16, 2021, the grandparents, acting *pro se*, filed an "Emergency Third Party

Child Custody Petition" in the circuit court requesting sole legal and physical custody of the

child.  On January 7, 2022, the circuit court scheduled a two-day trial for July 11 and 12, 2022.

On April 11, 2022, father moved to dismiss the matter because the circuit court had held a

custody hearing between father and mother on December 20, 2021, and had awarded father sole

custody.  Father argued that the grandparents' petition did "not list any material changes in

---

[1] Portions of the record in this case were sealed.  Nevertheless, the appeal necessitates unsealing relevant portions of the record to resolve the issues grandparents have raised. Evidence and factual findings below that are necessary to address the assignments of error are included in this opinion.  Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case.  The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

[2] The appellants are the child's maternal grandparents.

circumstances since December 20, 2021, when this [c]ourt took evidence on the custody and visitation of the minor child in question."[3] The grandparents opposed father's motion to dismiss. On April 29, 2022, the circuit court denied father's motion without prejudice and continued the matter to June 3, 2022.

Mother then filed a *pro se* motion to appoint a guardian ad litem for the minor child. Subsequently, father filed an amended motion to dismiss and requested an award of attorney fees. Father argued that there were no custody matters pending, so the circuit court did not have jurisdiction to hear the grandparents' petition under Code §§ 16.1-241 and 16.1-244. He argued that the grandparents should have filed in the juvenile and domestic relations district court, not the circuit court. The grandparents objected, noting that the circuit court previously had refused to transfer jurisdiction and had heard all custody matters concerning the child. They also argued that father had waived "any ability for defense" because he had not filed responsive pleadings to their petition.

At the June 3, 2022 hearing, the circuit court dismissed the matter with prejudice after finding that it did not have subject matter jurisdiction. The circuit court found mother's motion to appoint a guardian ad litem moot and dismissed her motion. The circuit court also ordered the grandparents to pay $1,500 toward father's attorney fees.

The grandparents appealed, arguing that the circuit court erred in dismissing their emergency custody petition and in granting father's motion to dismiss. They further argue that the circuit court erred in dismissing mother's motion to appoint a guardian ad litem and in awarding attorney fees to father. Lastly, they contend that the circuit court violated their due process rights, as well as the child's due process rights, by dismissing their custody petition.

---

[3] The grandparents filed their petition before the custody hearing between the parents.

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct and the burden is on the appellant[s] to present to us a sufficient record from which we can determine whether the trial court has erred" as the appellants allege. *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). Without a sufficient record (in this case a transcript of the hearing on father's motion to dismiss), "this Court is unable to fully review the parties' evidence and arguments below" on the issues now raised in this appeal. *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020).

"The transcript of any proceeding is a part of the record when it is filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). The transcript from the June 3, 2022 hearing (which was due on August 2, 2022) was not filed in the circuit court clerk's office within 60 days of the final order, as required by Rule 5A:8(a). Therefore, it is not part of the record on appeal.[4] "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

The grandparents rely on the evidence and arguments presented at the June 3, 2022 hearing to support their arguments that the circuit court erred in finding that it lacked subject matter jurisdiction to hear their emergency custody petition, finding that mother's motion to appoint a guardian ad litem was moot, and awarding attorney fees to father. Similarly, the

---

[4] On September 29, 2022—well more than 90 days after entry of the June 3, 2022 order—mother requested an extension of time to file the transcript. This Court denied mother's request as untimely because motions for extension of time to file transcripts must be filed within 90 days after entry of the final judgment. *See* Rule 5A:8(a) ("This deadline [to file the transcripts with the clerk of the trial court] may be extended by a judge of this Court only upon a written motion filed within 90 days after the entry of final judgment.").

Furthermore, because mother filed no brief in this appeal and made no assignments of error, this Court has nothing to review on mother's behalf.

grandparents rely on the circuit court's jurisdictional ruling to support their arguments that it violated their due process rights, and the child's due process rights, when it dismissed their emergency petition for custody.

With no record of the arguments the grandparents made or the positions they took (or possibly abandoned) at the June 3, 2022 hearing, we cannot know whether they presented the specific arguments to the circuit court which they now advance on appeal. *See* Rule 5A:18 (requiring that an appellate court consider only arguments that were timely raised in the trial court). We also have no way to evaluate whether their appellate argument repudiates a position that they may have taken in the circuit court. *See Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation). Certainly, we cannot say whether the circuit court abused its discretion as the grandparents claim.

We conclude that a transcript, or a written statement of facts in lieu of a transcript, from the June 3, 2022 hearing is indispensable to deciding the grandparents' assignments of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to. This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob*, 55 Va. App. at 246 (alteration in original) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29. Consequently, we are unable to reach the grandparents' arguments on appeal. Rule 5A:8(b)(4)(ii).

CONCLUSION

For the foregoing reasons, we do not disturb the judgment of the circuit court.

*Affirmed.*