# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, White and Retired Judge Frank*

THIGHE KAVANAUGH, SOMETIMES KNOWN AS
   THIGHE KAVANAGH
                                                    MEMORANDUM OPINION**
v.        Record No. 1410-22-4                          PER CURIAM
                                                        JULY 11, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Dennis L. Hupp, Judge Designate

(Paul D. Fore, Senior Trial Attorney; Office of the Public Defender,
on briefs), for appellant.

(Jason S. Miyares, Attorney General; Jonathan M. Larcomb,
Assistant Attorney General, on brief), for appellee.


Upon his guilty pleas, the circuit court convicted Thighe Kavanagh of two counts of child

abuse, discharging a firearm in an occupied dwelling, reckless handling of a firearm, use of a

firearm in the commission of a felony, and malicious wounding. The circuit court sentenced

Kavanagh to 48 years of incarceration with 34 years suspended. On appeal, he argues that the

circuit court erred by finding that his "motion to reconsider was presentation of a defense, and not

mitigation of the offense," that it was "not compatible with the public interest," and by not granting

a hearing on the motion. After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Because Kavanagh did not comply with Rule 5A:8 and a

---

* Retired Judge Frank took part in the consideration of this case by designation pursuant
to Code § 17.1-400(D).

** This opinion is not designated for publication. *See* Code § 17.1-413(A).

transcript or a written statement of facts is indispensable to resolving his appeal, we affirm the circuit court's decision.

## BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of Kavanagh's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In January 2022, after his jury trial began, Kavanagh agreed to plead guilty and the Commonwealth agreed to dismiss two charges and reduce the aggravated malicious wounding charge to simple malicious wounding. He entered into a written plea agreement whereby he admitted he was guilty of the charged offenses and acknowledged that there was no agreement as to his sentence. He further acknowledged that he had been advised of the potential sentences he faced and that the circuit court "may impose any sentence permitted under the laws of Virginia for the offense." He also understood that the calculation of the sentencing guidelines "may not be the same calculation that [he] expect[ed] based on consultation with [his] attorney." Finally, Kavanagh understood that the sentencing guidelines "are not binding upon the [c]ourt which may sentence [him] above or below the recommended range."

At the April 2022 sentencing hearing, Rappahannock County Sheriff's Captain Jones testified that in July 2019, he responded to Kavanagh's residence. There, he found six bullet holes in four different rooms. He also found a gun on top of a dresser in a bedroom, along with items associated with Kavanagh. He found another gun with red paint on it concealed beneath the bathroom vanity.

One of the bullets had struck a child in the leg. At the hospital, Captain Jones spoke with Kavanagh's father, whom he knew, and noted that he was "extremely upset." Captain Jones encountered Kavanagh at the magistrate's office and noted red stains on his hands, which Kavanagh insisted was red paint.

At the sentencing hearing, the circuit court reviewed the sentencing guidelines, which calculated a range of 6 years and 6 months to 14 years and 6 months. The presentence report included information about Kavanagh's background and mitigating circumstances. Kavanagh testified at the hearing that his father suffered from dementia and that the shooting resulted from the two struggling over the gun while his father was in a confused state. The circuit court noted Kavanagh's "exemplary" behavior while incarcerated but, weighing that against the seriousness of the crimes and Kavanagh's extensive criminal history, found that "a sentence at the high end of the guidelines is appropriate." The court sentenced Kavanagh to an active sentence of 14 years.

Kavanagh filed a motion to reconsider, arguing that the circuit court should modify his sentence based on "circumstances in mitigation of the offense." The circuit court denied the motion. Kavanagh appeals from that order.

ANALYSIS

Kavanagh argues that the circuit court erred by denying his motion to reconsider based on his mitigation evidence and incorrectly interpreting the evidence as a defense to his crimes of conviction.

Rule 5A:8 requires an appellant to file a timely transcript or a written statement of facts in lieu of a transcript. *See* Rule 5A:8(a) and (c) (stating that a transcript or a written statement of facts is only part of the record when it is *timely* filed). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

"If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99); *see also Bay*, 60 Va. App. at 528-29.

Kavanagh only filed the transcript from the sentencing hearing. He did not file the transcript from the plea hearing, which included the Commonwealth's full proffer of the facts. The record on appeal does not demonstrate whether Kavanagh objected to the proffer. At sentencing, Kavanagh claimed he struggled with his father and that the shooting was accidental, seemingly contradicting the Commonwealth's proffer and his admission that he was guilty of the offenses.

"Whether the record is sufficiently complete to permit our review on appeal is a question of law subject to our *de novo* review." *Bay*, 60 Va. App. at 529. Here, without a transcript or a written statement of facts, we cannot determine that Kavanagh properly preserved the issues for appeal, nor can we assess the merit of his contention that the court improperly denied his motion to reconsider his sentence. Thus, we conclude that a transcript or a written statement of facts in lieu of a transcript is indispensable to permit this Court to resolve the issues raised. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). As Kavanagh failed to provide a timely filed transcript or a written statement of facts in lieu of a transcript necessary to resolve his assignments of error, we will not consider them. Rule 5A:8(b)(4)(ii).

CONCLUSION

For these reasons, the circuit court's decision is affirmed.

*Affirmed*.