COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Raphael and Callins

MARLON ANDRE ORGAN, JR.,

v.      Record No. 1902-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JULY 25, 2023

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(David L. Parker; David L. Parker, P.C., on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Ken J. Baldassari, Assistant
Attorney General, on brief), for appellee.

Marlon Andre Organ, Jr. appeals his conviction for arson of an occupied dwelling,

arguing that the evidence was insufficient to prove the offense. After examining the briefs and

record, the panel unanimously agrees that oral argument is unnecessary because "the dispositive

issue or issues have been authoritatively decided, and the appellant has not argued that the case

law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule

5A:27(b). Organ failed to timely file a transcript, or a statement of facts in lieu of a transcript,

necessary to the appeal under Rule 5A:8. Because we cannot reach his assignment of error, we

affirm his conviction.

BACKGROUND

After a bench trial, the Circuit Court of Rockingham County convicted Organ of arson of

an occupied dwelling. On November 22, 2022, the trial court sentenced Organ to 20 years'

_____

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

incarceration, with 13 years suspended.[1]  Organ did not file transcripts of the relevant trial-court proceedings until February 6, 2023.

ANALYSIS

Organ asserts on appeal that the evidence was insufficient to support his conviction.  We do not reach the merits of Organ's contentions, however, because he failed to timely file a transcript that was necessary for review.

An appellant must supply this Court with an adequate record to evaluate his claim.  A transcript, or a written statement of facts in lieu of a transcript, must be filed with the trial court "no later than 60 days after entry of the final judgment."  Rule 5A:8(a)-(c)(1).  We can extend the deadline to file a transcript "only upon a written motion filed within 90 days after the entry of final judgment."  Rule 5A:8(a).  If "the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered."  Rule 5A:8(b)(4)(ii).

"If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to."  *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).  "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner*, 2 Va. App. at 99).

Organ failed to timely file a transcript or a written statement of facts in lieu of a transcript.  The trial court entered final judgment when it sentenced Organ on November 22,

---

[1] The trial court also required that Organ pay restitution of $37,480.56 to the owner of the dwelling, court costs, and a fine of $5,000, with $5,000 suspended.

2022. Rule 1:1(b). Organ thus had to file transcripts in the trial court by January 23, 2023,[2] but he did not do so until February 6, 2023. Organ moved on June 23, 2023, for an extension of time to file transcripts, but that motion too was untimely. The deadline to move for an extension was February 21, 2023, "90 days after the entry of final judgment."[3] Rule 5A:8(a). Organ's motion here was filed four months after that deadline had passed.[4]

After reviewing the record and Organ's brief, we conclude that the transcript of Organ's bench trial is "indispensable" to address his assignment of error. *Bay*, 60 Va. App. at 528. Organ challenges the sufficiency of the evidence supporting his conviction, and the trial transcript is needed to evaluate that evidence. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000) ("The trial transcript is indispensable to addressing appellant's arguments . . . that the evidence was insufficient as a matter of law to sustain his convictions."). Thus, without a transcript or a written statement of facts, we cannot address Organ's contentions.

CONCLUSION

We cannot consider Organ's assignment of error because he failed to ensure that the record contains the material necessary to resolve his claim.

*Affirmed.*

---

[2] January 21, 2023, was 60 days after November 22, 2022. But January 21 was a Saturday, so the filing deadline was the next business day. Code § 1-210(B).

[3] The 90th day was February 20, 2023, a holiday, so the filing deadline was the next business day. Code § 1-210(B).

[4] Organ's motion for an extension of time to file the transcripts is therefore denied.