COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Beales, Chaney and Senior Judge Annunziata


NATHANIEL R. CHILES, SR.

                                                    MEMORANDUM OPINION[*]
v.        Record No. 1627-22-3                         PER CURIAM
                                                     AUGUST 29, 2023
SHANNA SANDIDGE


FROM THE CIRCUIT COURT OF AMHERST COUNTY
Michael T. Garrett, Judge

(Nathaniel R. Chiles, Sr., on brief), *pro se*.

No brief for appellee.[1]


Nathaniel R. Chiles, Sr. (father) appeals the circuit court's order granting Shanna

Sandidge's (mother) motion to amend the custody arrangement for their child.  Father contends

that the circuit court erred by amending the custody arrangement because there was no material

change in circumstances and the modification was not in the child's best interest.  Father also

contends that the circuit court violated Code § 20-124.3 by failing to state the basis for its decision

either orally or in writing.  Because father failed to timely file the transcript or a written statement of

facts in lieu of a transcript necessary to resolve his appeal, this Court cannot reach his assignments

of error.  *See* Rule 5A:8(a) (providing that late-filed transcripts are not part of the appellate record).

After examining the brief and record in this case, the panel unanimously holds that oral argument is

unnecessary because the dispositive issue regarding the untimely-filed transcript has "been

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] James A. Downey, Jr., guardian ad litem for the minor child, notified this Court that he
supports the appellee's position and he has identified no error in the circuit court's judgment.
*See* Rule 5A:19(d).

authoritatively decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). Accordingly, this Court affirms the circuit court's judgment.

BACKGROUND[2]

In July 2019, the Amherst County Juvenile and Domestic Relations District Court (JDR court) entered an agreed custody order stating that father and mother "shall continue to have joint legal and shared physical custody" of the child.[3] The order provided, inter alia, that "[t]he child shall play baseball in Amherst County where the mother lives and basketball in Lynchburg where the father lives" and that the "parent who has the child on the day of baseball or basketball practices/games, shall be responsible for transporting the child to such practices/games."

In September 2021, mother filed a motion to amend the July 2019 custody order because father allegedly "refuse[d] to bring [the child] to [his little league football] practices and games on Saturdays." By order entered on December 16, 2021, the JDR court amended the July 2019 custody order to provide that the parents "should make a reasonable effort to discuss the child's extracurricular activities and sports and to reach a consensus on what is in the child's best interests." The JDR court further ordered that "[i]f, after a reasonable, good faith effort to discuss these issues and come to an agreement, the parents are not able to do so, then the mother shall have the final authority to resolve disputes and make a decision." The JDR court added that "the parties shall each be responsible for getting the child to and from all events – practices, games, team events, etc. – when the child is in their care per the custody schedule."

---

[2] "To the extent that certain facts mentioned in this opinion are found in the sealed portions of the record, we unseal only those portions." *Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 283 n.1 (2022).

[3] It is not clear from the record whether the July 2019 custody order constituted an original custody determination.

Father appealed the JDR court's ruling to the circuit court, which held a hearing on mother's motion to amend the custody order on September 1, 2022. On September 20, 2022, the circuit court entered a final order granting mother "the final authority to resolve disputes and make a decision" regarding the child's extracurricular activities and sports when the parents are unable to reach an agreement "after a reasonable, good faith effort to discuss these issues and come to an agreement." The circuit court's order further provided that the "parent who has the minor child on the day of sporting practices and games, shall be responsible for transporting the minor child to such practices or games."

Father timely noted his appeal from the circuit court's judgment. On November 3, 2022, the circuit court granted father's petition to proceed with his civil appeal without payment of fees or costs. By order entered on January 23, 2023, the circuit court "deem[ed] the preparation of the transcript at the state's expense to be necessary" and ordered that the September 1, 2022 custody hearing "be transcribed at state expense." A transcript of the September 1, 2022 custody hearing was filed in the circuit court on February 13, 2023.

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alterations in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

Father contends on appeal that the circuit court erred by amending the July 2019 custody order because there was no material change in circumstances and the modification was not in the child's best interest. Father further argues that the circuit court violated Code § 20-124.3 by failing to state the basis for its decision either orally or in writing. In support of these arguments, father

relies heavily on a transcript of the circuit court's September 1, 2022 custody hearing. This Court finds that consideration of this transcript is indispensable to resolve the issues in father's appeal.

To become a part of the record in this appeal, the indispensable transcript of the custody hearing was required to be "filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Rule 5A:8(a). Because the circuit court entered the appealed final order on September 20, 2022, the transcript of the custody hearing was required to be filed by November 21, 2022.[4] However, the record shows that the transcript was not filed in the circuit court until February 13, 2023. This Court may extend the filing deadline "upon a written motion filed within 90 days after the entry of final judgment" provided the appellant shows "good cause to excuse the delay." Rule 5A:8(a). But father did not move for such an extension and the time to do so has now expired. Therefore, the indispensable transcript of the custody hearing is not part of the appellate record.

"When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). Indeed, if "the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Bay*, 60 Va. App. at 528 (alterations in original) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)); s*ee also Smith v. Commonwealth*, 32 Va. App. 766, 771 (2000) (holding that "[t]his Court has no authority to make exceptions to the filing requirements" for transcripts "set out in the Rules" (quoting *Turner*, 2 Va. App. at 99)). Because father failed to ensure that the record contains a timely-filed transcript, or a written statement of facts in lieu of a

---

[4] Because the sixtieth day after entry of the appealed final order was Saturday, November 19, 2022, the transcript of the custody hearing was required to be filed no later than Monday, November 21, 2022.

transcript, necessary to permit this Court to review the merits of his assignments of error, we must affirm the circuit court's judgment.

CONCLUSION

For the foregoing reasons, this Court affirms the circuit court's judgment.

*Affirmed.*