COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Raphael and Callins

DARRIN MARK ROBERTSON

                                                    MEMORANDUM OPINION*
v.        Record No. 1851-22-4                              PER CURIAM
                                                       SEPTEMBER 26, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Daniel S. Fiore, II, Judge

(Rachel Collins, Senior Trial Attorney, on brief), for appellant.

(Jason S. Miyares, Attorney General; Michael L. Eaton, Assistant
Attorney General, on brief), for appellee.


After a summary proceeding under Code § 19.2-306, the Arlington County Circuit Court

found Darrin Robertson in violation of the terms and conditions of his felony probation.  The

trial court revoked Robertson's previously suspended sentences and reimposed a sentence that

resulted in ten years' active incarceration.  Robertson contends that the trial court abused its

discretion in doing so, but Robertson failed to timely file a transcript of the revocation hearing or

a statement of facts in lieu of the transcript.  Because that portion of the record is indispensable

to the appeal, we cannot reach his assignment of error and must affirm.  As a result, the panel

also unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

In 2009, after Robertson pleaded guilty to attempted rape and breaking and entering with the intent to commit rape, the trial court sentenced him to 25 years' incarceration, with 15 years suspended. After Robertson's release from incarceration in 2017, the trial court found in 2018 that Robertson violated the terms of his probation. The court revoked and re-suspended the rest of Robertson's sentences.

In 2021, Robertson's probation officer filed a major violation report alleging that Robertson had been arrested on two new charges: peeping into a dwelling, in violation of Code § 18.2-130(A), and unlawfully filming a nude person without consent, in violation of Code § 18.2-386.1. Robertson was convicted of those offenses in July 2022.

At his revocation hearing on October 7, 2022, Robertson admitted the violation. In an order entered November 2, 2022, the trial court stated that it had "considered the information provided, and argument was heard by the Attorney for the Commonwealth and Attorney for the Defendant." Finding that Robertson had violated the terms of his probation, the court imposed the balance of his sentence on the underlying burglary conviction and resuspended Robertson's sentence on the underlying attempted-rape conviction, resulting in an active period of incarceration of ten years. The trial court denied Robertson's motion to reconsider on November 21, 2022.

Robertson noted a timely appeal. But he did not file the transcript of the revocation hearing until January 4, 2023, and he did not move for an extension of time to file the transcript.

ANALYSIS

Robertson asserts that the trial court abused its discretion in imposing a ten-year active sentence because it disregarded alternatives to incarceration, failed to give proper weight to mitigating factors, and ignored the sentencing guidelines. But we cannot reach the merits of

those claims without the transcript of the revocation hearing, which Robertson has failed to properly make part of the record.

A transcript, or a written statement of facts in lieu of a transcript, must be filed with the trial court "no later than 60 days after entry of the final judgment." Rule 5A:8(a)-(c)(1). Transcripts or written statements of facts are part of the record only when they are timely filed. *Id.* We may extend the deadline to file a transcript "only upon a written motion filed within 90 days after the entry of final judgment." Rule 5A:8(a).

The trial court entered final judgment when it sentenced Robertson on November 2, 2022. Rule 1:1(b); *Jefferson v. Commonwealth*, 298 Va. 473, 476 (2020) ("In the criminal context, . . . a sentencing order is a final order.").[1] Robertson thus had to file any necessary transcripts by no later than January 3, 2023.[2] He filed the transcript of the revocation hearing on January 4, but he did not move for an extension of time. *See* Rule 5A:8(a).

Although Robertson filed the transcript here only one day late, that delay was procedurally fatal because he did not move for an extension of time. "This Court has no authority to make exceptions to the filing requirements set out in the Rules." *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)). When "the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record

---

[1] The trial court's order denying Robertson's motion to reconsider was not the final order because it did not modify, vacate, or suspend the sentencing order. *See Jefferson*, 298 Va. at 478 ("[B]ecause the amended order did not modify, vacate, or suspend the judgment contained in the original order, the Court of Appeals correctly found that the amended order was not the final order."); *Kosko v. Ramser*, 299 Va. 684, 689 (2021) ("The filing of . . . post-trial motions does not suddenly transform an otherwise final order into a nonfinal order.").

[2] January 1, 2023 was 60 days after November 2, 2022. But since January 1 was a Sunday and January 2 was a holiday, the filing deadline was the next business day. *See* Code § 1-210(B).

on appeal must be strictly adhered to." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012) (alterations in original) (quoting *Turner*, 2 Va. App. at 99). And if "the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

After reviewing the record and Robertson's brief, we conclude that the transcript of his revocation hearing is "indispensable" to address his assignment or error. *Bay*, 60 Va. App. at 528. Without it, we cannot evaluate Robertson's claim that the trial court disregarded his mitigating evidence and alternatives to incarceration, nor can we determine whether Robertson preserved his arguments for appeal. *See Smith v. Commonwealth*, 32 Va. App. 766, 772 (2000). Thus, without a transcript or a written statement of facts, we cannot address Robertson's contentions.

CONCLUSION

In short, Robertson's failure to timely file the transcript of the revocation hearing prevents us from reaching his assignment of error.

*Affirmed.*